MEMORANDUM *
Jose Morales-Pena (“Morales-Pena”) and Ruben Martinez (“Martinez”) appeal their convictions for conspiracy to distribute 500 grams or more of a mixture containing methamphetamine in violation of 21 U.S.C. § 846. Martinez also challenges his conviction for possession of a firearm in furtherance of his drug trafficking crime under 18 U.S.C. § 924(c)(1). Additionally, both argue that the district court erred by not granting a motion for mistrial. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
Morales-Pena and Martinez claim that the evidence presented to the jury was insufficient to prove they were members of a conspiracy. In considering a challenge to the sufficiency of the evidence, we determine if, after “viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.” United States v. Moses, 496 F.3d 984, 987 (9th Cir.2007) (citation and internal quotation marks omitted).
First, although Martinez concedes he distributed drugs, he argues that there is no evidence of his participation in a conspiracy. A conspiracy can be proven by both direct and circumstantial evidence, and once its existence is shown, the government must demonstrate that the accused has a “slight connection” to the conspiracy. United States v. Herrera-Gonzalez, 263 F.3d 1092, 1095 (9th Cir.2001). “The term ‘slight connection’ means that a defendant need not have known all the conspirators, participated in the conspiracy from its beginning, participated in all its enterprises, or known all its details.” Id. Here, the evidence supports a finding that Martinez did not act alone to distribute the methamphetamine and engaged in his drug distribution enterprise with others. We are satisfied that the evidence was sufficient to support a jury conviction finding him guilty of conspiracy to distribute methamphetamine. See Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Further, because we hold there was sufficient evidence to show his involvement in the conspiracy, the jury’s finding that Martinez possessed his firearm in furtherance of that conspiracy stands.
Second, Morales-Pena claims that even if a conspiracy existed, there is insufficient evidence to show that he was a member. He argues that his “mere presence” at the scene of three drug transactions, in addition to other circumstantial evidence — including, among other things, surveillance observations, recorded drug negotiations, and Morales-Pena’s physical affirmation when asked by the undercover agent if the conspirators had the requested drugs — is not sufficient to convict him of
*523 conspiracy. We have held that, while imprudent, “[i]t is not a crime to be acquainted with criminals or to be physically present when they are committing crimes.” Herrera-Gonzalez, 263 F.3d at 1095. However, all the government must show is a “slight connection” to the conspiracy. We are satisfied that the totality of the evidence before the jury was sufficient to establish his connection, and we uphold its determination.
Finally, both Martinez and Morales-Pena argue that the judge erred by not declaring a mistrial after improper testimony was elicited on cross-examination of a federal agent regarding Martinez’s invocation of his right to silence under Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). See Doyle v. Ohio, 426 U.S. 610, 618, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976). “In the context of comments on silence, we consider three factors: [1] the extent of comments made by the witness, [2] whether an inference of guilt from silence was stressed to the jury, and [3] the extent of other evidence suggesting defendant’s guilt.” United States v. Hernandez, 476 F.3d 791, 797 (9th Cir.2007) (quoting United States v. VelardeGomez, 269 F.3d 1023, 1034 (9th Cir.2001) (quotation marks omitted) (alteration in original)).
In the instant case, any error caused by the admission of this testimony was harmless. The elicited comments were brief— mentioned only once by a government agent during cross-examination on Martinez’s alienage. The jury heard no additional information about Martinez’s invocation. The question did not relate to drug trafficking, but instead inquired into investigative efforts to probe Martinez’s citizenship status. Nonetheless, as a remedy the judge struck the entirety of the agent’s testimony and all accompanying exhibits. And the remaining evidence recounted above still showed that both Martinez and Morales-Pena were members of the conspiracy. We find no abuse of discretion[1] by the district judge in not declaring a mistrial.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. Morales-Pena concedes that he failed to object at the trial court level and that we should apply plain-error review. See United States v. Gomez-Norena, 908 F.2d 497, 500-01 (9th Cir.1990). However, because the district court did not abuse its discretion by not granting a mistrial, it follows that it also did not plainly err.